## A. S. LYON et al. v. C. A. BROWN.

PRACTICE. *Failure to file amended declaration no cause for arrest of judgment. When.* On motion of plaintiff's attorney a declaration was ordered to be amended so as to include plaintiff's wife as a party to the action. No amended declaration was ever filed, and the jury being sworn to try the issue between the plaintiff and wife and the defendants, returned a verdict for the plaintiff.

*Held,* that the omission to file an amended declaration inserting the name of plaintiff's wife, was not sufficient cause for arrest of judgment.

Case cited: Eakin v. Burger, 1 Sneed, 417.

Code cited: Sec. 2869.

### FROM HAWKINS.

Appeal from the Circuit Court. R. R. BUTLER, Sp. Judge.

GILLENWATERS, LOGAN & LOGAN for plaintiff.

C. R. VANCE, FULKERSON & NELSON for def'ts.

NICHOLSON, C. J., delivered the opinion of the court.

C. A. Brown commenced his action of trespass against A. S. Lyon and others in 1865, in Hawkins county. The declaration was filed and the plea of not guilty put in. At the February term, 1866, on motion of plaintiff's attorney, it was ordered by the court that the plaintiff amend so as to make Laura L. Brown, plaintiff's wife, a party plaintiff. No amendment was made in the declaration by inserting

her name therein. The last trial took place at the January term, 1873. After the plaintiff's attorney read the declaration, he then read the order made at the February term, 1866, for the amendment of the declaration by making Laura L. Brown a party plaintiff. The defendant then moved the court to dismiss the suit, because the jury had been sworn to try the issue between Clinton A. Brown and wife, plaintiffs, and A. L. Lyon and others; and because, as alleged, the pleadings on the part of the plaintiff show that no amended declaration had been filed by C. A. Brown and wife, making the said wife a party to said suit as plaintiff. This motion was overruled. The trial then proceeded upon the pleadings as already made up. The jury found a verdict for the plaintiff, and, after motions for a new trial and in arrest of judgment were overruled, defendants appealed to this court.

The error assigned here is upon the refusal of the Circuit Judge to arrest the judgment. It is insisted that as the plaintiff failed to amend the declaration so as to make Laura L. Brown a party plaintiff, there was no issue made up, and that the verdict is a nullity. The court ordered her to be made a party plaintiff at the February term, 1866, and the question is, was it necessary to make this order effectual that her name should be inserted in the declaration? In the case of *Eakin* v. *Burger*, 1 Sneed, 424, this court, speaking of the act of 1852, ch. 152, carried into the Code as sec. 2869, say: "This is a very strong and universal statute of *jeofails*. The 6th section declares

5—VOL. 6.

that no suit shall be dismissed for want of proper parties, or on account of the form of action, or for want of proper averments in the pleadings, and authorizes the court to change the form of action, and to strike out or insert the names of parties, either plaintiffs or defendants, in the writ or pleadings, and to supply all proper amounts." The court concludes: "The general rule in respect to statutes of amendments and *jeofails* is, that the amendment need not, in point of fact, be made. The benefit of the statute is · obtained by the court's overlooking the exception, or considering the amendment as made."

In the present case the amendment was ordered nearly six years before the trial. The defendants had already pleaded the general issue, and the amendment called for no other plea, and none other was put in. The presumption is, that the defendants were content with the issue made up. The cause was tried as if the amendment was made, and defendants could have sustained no injury. We find no error, and affirm the judgment.